## Patents.

LEHNBENTER *v.* HOLTHAUS, 21 O. G. 1783. Appeal from the circuit court of the United States for the eastern district of Missouri. The case was determined in the supreme court of the United States on March 6, 1882, Mr. Justice *Woods* delivering the opinion, reversing the decree of the circuit court which dismissed the bill, and remanding the cause for further proceedings in conformity with the opinion of the supreme court.

In an action for infringement of a design patent, where comparison of the drawing appended to the patent with the cut of the circular, which it is admitted represents articles manufactured and sold by defendants, makes it clear that the latter is a servile copy of the former, excepting a slight inclination backward, hardly perceptible, of the glass constituting the front of the elevated portions of the show-case, the subject of the design, it is an infringement of the patented design. The patent is *prima facie* evidence of both novelty and utility, and the fact that it has been infringed by the defendants is sufficient to establish its utility, at least, as to them. Citing Whitney v. Mowry, 4 Fish. 207

## Patent—Reissues—Enlarging Scope of Original.

MATTHEWS *v.* BOSTON MACHINE Co. Appeal from the circuit court of the United States for the district of Massachusetts. This case was determined on appeal in the supreme court of the United States on March 27, 1882. Mr. Justice *Bradley* delivered the opinion of the court affirming the decree of the circuit court.

Where complainants, in their reissue, split up and divided the elements of their invention, and claimed them separably and not in combination, it is an enlargement of the scope of their patent; and where no one could infringe the original patent unless he uses all the elements of the combination, and any one will infringe the reissue who uses any of the elements which, in the reissue, are separably claimed, such reissue is void. Where there is a wide departure from the original invention, and not only for a broader claim made many years after the original was granted, but for a different invention, the reissue cannot be sustained.

George Harding and George L. Roberts, for appellants.

Causten Browne, for appellees.

## Patents—Reissues—Laches.

BANTZ *v.* FRANTZ. Appeal from the circuit court of the United States for the district of Kentucky. This case was determined in the supreme court of the United States on March 20, 1882, Mr. Justice *Woods* delivering the opinion of the court and affirming the judgment of the circuit court.

Where, under the original patent, suit could be maintained only against those who employed the combination embracing all the distinct contrivances described in the reissued patent, a reissue which claims each device separably is too broad, and consequently void. If any correction was desired it should have been applied for immediately—the right is abandoned and lost by unreasonable delay. Miller v. Bridgeport Brass Co. 3 Morr. Trans. 419, followed.